UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE NIEVES,<br>　　　　　Plaintiff,<br>　　v.<br>LEA WILDFLOWER,<br>　　　　　Defendant. | Case No. 20-cv-05583-JD<br><br>**ORDER RE REMAND**<br>Re: Dkt. No. 18 |

In January 2019, plaintiff Nieves got a "twenty-minute free 'Thai' Massage" from defendant Wildflower, a massage therapist. Dkt. No. 1-1 ¶ 12. In February 2020, Nieves sued Wildflower in Marin County Superior Court for a lower back injury that she attributed to the massage. *Id*. ¶¶ 13-15. Wildflower timely removed the lawsuit to this Court on diversity jurisdiction grounds. Dkt. No. 1. Nieves asks for the case to be remanded for lack of subject matter jurisdiction. Dkt. No. 18. The case was removed improvidently and without jurisdiction, and is remanded to the Superior Court. 28 U.S.C. § 1447(c).

Wildflower removed solely on the basis of diversity jurisdiction, which arises when a plaintiff sues a citizen of a different state and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). An out-of-state defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id.* § 1441(a). The Court will remand to state court any case that was improperly removed because of a lack of subject matter jurisdiction. *Id.* § 1447(c).

The governing standards are straightforward. *See generally California v. AbbVie*, 390 F. Supp. 3d 1176, 1180 (N.D. Cal. 2019). There is a strong presumption against removal, and the removal statute is strictly construed against finding federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Principles of federalism, comity, and respect for the state courts counsel strongly in favor of scrupulously confining removal jurisdiction to the precise limits that Congress has defined. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). The

1  defendant always "bears the burden of overcoming the 'strong presumption against removal
2  jurisdiction.'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (quoting
3  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir.
4  2010)). Any doubt about removal weighs in favor of remand. *Hawaii ex rel. Louie v. HSBC Bank
5  Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014). The Court has an independent duty to
6  determine whether subject matter exists, regardless of the absence of a challenge or argument by a
7  party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

8      The parties focused on the citizenship element of diversity jurisdiction, namely whether Wildflower was a citizen of California at the time the state court complaint was filed, or was a citizen of New Mexico or at least on her way to moving there. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004) (citizenship determined at time complaint is filed). The Court need not resolve the citizenship question, which involves a number of factual disputes, because neither the complaint nor the removal notice provides a plausible basis for concluding that the amount in controversy requirement has been satisfied. *See Ibarra v. Manheim Invs. Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2014) (to determine amount in controversy, Court looks first to the complaint); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (when complaint does not specify the amount in controversy, the defendant's notice of removal must include at least a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). An allegation is plausible when it is supported by enough facts to show that it is more than just a possibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

    The complaint is silent on the amount in controversy because California procedure provides that "the amount demanded shall not be stated" in personal injury complaints. Cal. Code Civil Procedure § 425.10(b). Consequently, Wildflower had the burden of plausibly alleging in the removal petition that the amount at stake in the litigation exceeds $75,000. *See Dart Cherokee*, 574 U.S. at 84, 89; *Theis Research, Inc., v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003).

United States District Court
Northern District of California

Wildflower did not carry her burden. The amount in controversy allegation in the removal notice is wholly conclusory, and is not supported by any facts or reasonable inferences. *See* Dkt. No. 1 ¶ 4. The allegation was made on an information and belief basis, *id.*, which waters down its utility even more. Nothing in the complaint rescues the removal petition by plausibly pointing to an amount in controversy that satisfies the jurisdictional threshold. Nieves alleged a history of lower back pain before the massage, which the massage is alleged to have aggravated. Dkt. No. 1-1 ¶¶ 13-14. She went to two doctor visits and "was provided with pain management treatment." *Id.* ¶ 15. She expressly stated that the "exact amount" of her damages is unknown to her. *Id.* ¶ 16. On these allegations, it is equally possible that Nieves's damages are below the jurisdictional threshold as above. Overall, Wildflower has not plausibly demonstrated that the amount at stake in this case is enough to support federal subject matter jurisdiction.

Wildflower's mention of a phone conversation with plaintiff's counsel does not point to a different conclusion. Wildflower says that plaintiff's attorney declined to stipulate that the amount in controversy was below the jurisdictional minimum. Dkt. No. 1 at 2. That is beside the point because parties cannot stipulate or mutually consent to federal subject matter jurisdiction. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998). In addition, multiple districts courts in our circuit have concluded that a plaintiff's stipulation *vel non* is not persuasive evidence of the value of the underlying litigation. *See, e.g., Amirkhanian v. Costco Wholesale Corp.*, Case No. CV20-02582 JAK, 2020 WL 4747612, at *4-5 (C.D. Cal. Aug. 8, 2020). The Court joins those well-reasoned decisions.

Consequently, the case was removed improvidently and without jurisdiction, and is remanded to the California Superior Court. 28 U.S.C. § 1447(c). The request for jurisdictional discovery, Dkt. No. 25, and the motion to dismiss, Dkt. No. 14, are terminated as moot.

**IT IS SO ORDERED.**

Dated: November 30, 2020

JAMES DONATO
United States District Judge

3